O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBA CORRAL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WATSON LABORATORIES, INC and DOES 1–25,<br><br>　　　　　　Defendants. | Case No. 5:12-cv-01650-ODW(SPx)<br><br>**ORDER REMANDING CASE** |

Upon sua sponte review of Watson Laboratories, Inc's removal papers, the Court finds that it lacks subject-matter jurisdiction over this action and must remand the matter to Riverside County Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

/ / /

/ / /

Subject-matter jurisdiction exists in civil cases involving a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Watson premises its removal solely on diversity jurisdiction.

Diversity jurisdiction exists for all suits, including class-action suits, where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a). But multiple plaintiffs may not aggregate their claims against defendants—to reach the $75,000 threshold—unless they have a single title or right in a common and undivided interest. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 943–44 (9th Cir. 2001).

Alternatively, plaintiffs may establish diversity jurisdiction under the Class Action Fairness Act ("CAFA"). Under CAFA, diversity jurisdiction exists in "mass action" suits so long as the following requirements are met: (1) 100 or more plaintiffs; (2) common questions of law or fact between plaintiffs' claims; (3) minimal diversity, where at least one plaintiff is diverse from one defendant; (4) aggregated claims in excess of $5 million; and (5) at least one plaintiff's claim exceeding $75,000. 28 U.S.C. § 1332(d); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006).

In its removal papers, Watson alleges that Corral has placed, in the aggregate, more than $5 million in controversy, but it fails to allege that the amount in controversy for any individual pPlaintiff exceeds $75,000.[1] (Notice of Removal ¶ 17.) This does not suffice. Under Ninth Circuit law, individual plaintiffs must still meet the $75,000 amount-in-controversy requirement in a CAFA mass action: "'*jurisdiction* shall *exist* only over those plaintiffs whose claims in a mass action satisfy the [in excess of $75,000] jurisdictional amount.'" *Abrego*, 443 F.3d at 687 (emphasis and alteration in original) (citing 28 U.S.C. § 1332(d)(11)(B)(i)). While it is unclear whether each individual plaintiff in a mass action has to meet the $75,000 amount-in-controversy requirement, it is clear that at least one plaintiff must meet that

---

[1] Corral is a resident of California and thus a California citizen. (Compl. ¶ 6.) Watson is a Nevada corporation with its principal place of business in Parsippany, New Jersey. (Notice of Removal ¶ 13.) Minimal diversity therefore exists in this matter.

requirement. *Id.* at 689 ("We do conclude . . . that the case cannot go forward unless there is *at least* one plaintiff whose claims can remain in federal court.").

      Examining the Complaint and Watson's removal papers, the Court finds no evidence suggesting that any class member would be entitled to more than $75,000 in damages. Corral bring this class-action suit for (1) failure to pay overtime wages; (2) failure to provide itemized statements to employees; (3) failure to pay upon termination of employees; (4) failure to provide rest breaks and meal periods; (5) failure to pay wages; and (6) unfair business practices. Corral does not specify a damages figure she seeks for herself or the putative class members. Watson does, however, provide extensive calculations for each claim to estimate likely aggregate damages sums. Watson arrives at the following figures for the following claims:

- **Donning and Doffing Claims (First, Fifth, and Sixth Claims)**: $193,375, based on 125 class members at $15.47 per hour for 10 minutes a day, 5 days a week, and 50 weeks per year for 4 years
- **Meal and Rest Period Claims (Fourth and Sixth Claims)**: $3,867,500, based on 125 class members at $15.47 per hour for 2 hours a day, 5 days a week, and 50 weeks per year for 4 years
- **Itemized Wage Statement (Second Claim)**: $318,750, based on 125 class members at $50 for the first pay period and $25 for pay periods 2 through 26
- **Timely Payment of Final Wages (Third Claim)**: $121,096, based on 33 class members at $15.29 per hour for 8 hours per day for 30 days
- **Attorney's Fees**: 25% of $4,500,721

These calculations say nothing of any individual Plaintiff's potential recovery, and Watson does not otherwise allege that any individual Plaintiff could recover more than $75,000. And even giving Watson the benefit of the doubt by dividing each of its

/ / /

/ / /

/ / /

calculations by the number of putative Plaintiffs it assumed for each group of claims yields only $47,708.02 per plaintiff.[2] This does not exceed $75,000.

Based on Corral's and Watson's allegations thus far, the Court finds that no individual putative class member's claim exceeds $75,000 by a preponderance of the evidence. Because the Court therefore cannot determine that any one Plaintiff would have a claim that could remain in federal court, *see Abrego*, 443 F.3d at 689, the Court sua sponte **REMANDS** this case to Riverside County Superior Court for lack of subject-matter jurisdiction. Watson's October 5, 2012 Motion to Dismiss (ECF No. 10) is therefore **DENIED AS MOOT**. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

October 9, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[2] Based on the following calculation: ($193,375 / 125) + ($3,867,500 / 125) + ($318,750 / 125) + ($121,096 / 33) + (($4,500,721 / 125) x 0.25) = $47,708.02.